UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **PRISON LEGAL NEWS**, a project of the **HUMAN RIGHTS DEFENSE CENTER**,<br><br>    **Plaintiff**,<br><br>                    v.<br><br>**NORTHWESTERN REGIONAL JAIL AUTHORITY, NORTHWESTERN REGIONAL ADULT DETENTION CENTER, JAMES F. WHITLEY**, individually and in his official capacity as Superintendent, **CLAY CORBIN**, individually and in his official capacity as Captain, **DOES 1-10**, in their individual and official capacities,<br><br>    **Defendants**. | Case No. 5:15cv00061<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES AND JURY DEMAND** |

## INTRODUCTION

1.      Plaintiff, Prison Legal News ("PLN" or "Plaintiff"), a project of the Human Rights Defense Center ("HRDC"), brings this action to enjoin Defendants' censorship of books and magazines ("publications" herein) including PLN's monthly journal, *Prison Legal News*, and books mailed by PLN and other senders to prisoners held in custody at the Northwestern Regional Adult Detention Center (NRADC), in violation of the First and Fourteenth Amendments of the United States Constitution. Defendants have adopted and implemented mail policies that unconstitutionally prohibit delivery of publications to prisoners in their custody and do not afford senders of censored mail due process notice and an opportunity to challenge the censorship as required by the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, at least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

4. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 and 65 of the Federal Rules of Civil Procedure, as well as nominal and compensatory damages, against all Defendants.

6. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

7. Plaintiff seeks exemplary and punitive damages against the individual Defendants because they acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against the individual Defendants.

## PARTIES

8. Plaintiff, PLN, is a project of HRDC, a not-for-profit, Washington charitable corporation recognized under § 501(c)(3) of the Internal Revenue Code with principal offices in Lake Worth, Florida. PLN publishes *Prison Legal News*, a monthly journal of prison news and analysis, and distributes books and other reading materials nationally to prisoners

9. Defendant, Northwestern Regional Jail Authority, (hereinafter "NRJA"), is and was at all relevant times herein a jail authority created by the City of Winchester, Virginia and the Virginia Counties of Clarke, Frederick and Faquier pursuant to Va. Code §§ 53.1-95.2 *et seq.*

10. Presently and at all relevant times herein, the NRJA was authorized and empowered to sue and be sued in its own name, plead and be impleaded, by virtue of Va. Code § 53.1-95.7.

11. Defendant, Northwestern Regional Adult Detention Center, ("NRADC") is and was, at all times material hereto, a detention facility owned and operated by the NRJA and located in Frederick County, Virginia.

12. Defendant, James F. Whitley ("Whitley") is the Superintendent of the NRJA and/or NRADC. In addition, at all relevant times herein, Whitley was an employee, agent, and or servant of Defendants NRJA and NRADC and acting within the course and scope of his employment and/or agency with Defendants NRJA and NRADC, and under color of state law. Defendant Whitley has ultimate responsibility for the promulgation and enforcement of all NRJA and NRADC staff policies and procedures and is responsible for the overall management of the jail.

13. Defendant, Clay Corbin, is the Captain of Security and Operations at the NRJA and/or NRADC. Defendant Corbin was an employee, agent, and or servant of Defendants NRJA and NRADC and was at all relevant times herein, acting within the course and scope of his employment and/or agency with Defendants NRJA and NRADC, and under color of state law. On

information and belief, Defendant Corbin's responsibilities include operation and management of the jail, issuing security protocols, and for the implementation of NRADC and/or NRJA's mail policies.

14. The true names and identities of Defendants DOES 1 through 10 are presently unknown to PLN. Each of Defendants DOES 1 through 10 are or were acting under color of state law as agents of Defendants NRJA and/or NRADC when some or all of the challenged inmate mail policies and practices were adopted and/or implemented. Each of Defendants DOES 1 through 10 are or were personally involved in the adoption and/or implementation of the NRJA or NRADC's mail policies for inmates, and/or are or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of NRJA or NRADC staff who interpret and implement these inmate mail policies. They are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

15. PLN publishes and distributes a seventy-two (72) page, black and white soft-cover monthly journal titled *Prison Legal News: Dedicated to Protecting Human Rights* which contains news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

16. PLN has thousands of subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. PLN distributes its monthly publication to prisoners and law librarians in approximately 2,400 correctional facilities located across all fifty states, including the NRADC.

17. The purpose of PLN, as stated in HRDC's Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the

economic and social costs of prisons to society.

20. PLN engages in core protected speech and expressive conduct on matters of public concern, such as the operation of detention facilities, prison conditions, prisoner health and safety, and prisoners' rights. Plaintiff's monthly journal, as described above, contains political speech and social commentary, which are entitled to the highest protection afforded by the U.S. Constitution.

19. For the past 25 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. PLN's mission, if realized, has a salutary effect on public safety.

## Unconstitutional Mail Policy

20. On February 26, 2014, Defendant Whitley advised all NRADC staff by memo that publications, with the exception of "approved" religious and educational books would no longer be allowed in the facility:

> "Effective April 1, 2014, books and magazines will no longer be allowed in the facility through the mail, directly from the publisher, or from a distribution source. The reasons for this pertain to contraband control as well as reducing the amount of inmate personal property. After the above date, any books or magazines found during searches and or inspections will be placed in the inmate's property for release to family members. If after 30 days, these items have not been released, they will be destroyed according to our current property policies. Any books or magazines allowed will be provided by the programs section through the library cart and these will be appropriately marked as property of the NRADC."

*See* Exhibit 1, February 26, 2014 Memo.

21. Subsequently, on April 25, 2014, Defendant Corbin sent a follow-up memo informing all inmates that all books and magazines throughout the jail would be collected, inventoried and placed in a property room. The memo further stated that "From this point on no books or packages will be authorized through the mail." *See* Exhibit 2, April 25, 2014 Memo. The memo repeated that

"approved" religious books would be allowed into the jail.

22.     Defendants do not have a legitimate penological reason for their blanket ban on delivery of publications to prisoners via the U.S. Mail.

23.     PLN will continue to mail copies of *Prison Legal News* and books to prisoners at NRADC.

24.     Defendants did not provide PLN, and still have not provided PLN, with any notice of the censorship of its publications nor have they provided PLN with any opportunity to appeal the decisions to censor PLN's mail to prisoners in Defendants' custody.

### Censorship of the *Prison Legal News*

25.     From October 2014 to present, PLN has sent at least one hundred and seventy (170) issues of its monthly journal *Prison Legal News* to prisoners at NRADC. On information and belief, each month the following number of individually addressed issues of *Prison Legal News* were not delivered to intended recipients incarcerated at NRADC at the time it arrived in the mail:

| **Item Censored** | **Date Mailed** | **Number of Items Censored** |
|---|---|---|
| *Prison Legal News* | October 2014 | 20 |
| *Prison Legal News* | November 2014 | 18 |
| *Prison Legal News* | December 2014 | 18 |
| *Prison Legal News* | January 2015 | 16 |
| *Prison Legal News* | February 2015 | 18 |

| | | |
|---|---|---|
| *Prison Legal News* | March 2015 | 18 |
| *Prison Legal News* | April 2015 | 17 |
| *Prison Legal News* | May 2015 | 8 |
| *Prison Legal News* | June 2015 | 8 |
| *Prison Legal News* | July 2015 | 29 |

**Censorship of Books**

*The Habeas Citebook: Ineffective Assistance of Counsel*

26.     From October 2014 to present, PLN sent at least sixteen (16) copies of the softcover book *The Habeas Citebook: Ineffective Assistance of Counsel* (*Habeas Citebook*), to prisoners and other detainees at the NRADC which were subsequently censored by NRADC staff persons.  The *Habeas Citebook* is published and distributed by Plaintiff and is widely used by prisoners and jail-house lawyers – it describes the procedural and substantive complexities of federal *habeas corpus* litigation with the goal of identifying and litigating claims involving ineffective assistance of counsel.

27.     On information and belief, each month the following number of individually addressed copies of *Habeas Citebook* were not delivered to intended recipients incarcerated at NRADC at the time it arrived in the mail:

| **Item Censored** | **Date Mailed** | **Number of Items Censored** |
|---|---|---|
| | | |

| *Habeas Citebook* | October 2014 | 8 |
| *Habeas Citebook* | November 2014 | 5 |
| *Habeas Citebook* | December 2014 | 1 |
| *Habeas Citebook* | January 2015 | 1 |
| *Habeas Citebook* | March 2015 | 1 |

28. All, except one, of the above listed copies of *Habeas Citebook* have been sent back by return mail at PLN's expense indicating the following reason: "**REFUSED: Per Jail Policy.**" One book that was returned in November 2014 provided no reason for the censorship.

<u>*Protecting Your Health & Safety*</u>

29. From November 2014 to present, PLN has sent at least twenty-five (25) copies of, *Protecting Your Health and Safety* (*PYHS*), to prisoners and other detainees at the NRADC, which were subsequently censored. *PYHS* explains the basic rights of U.S. prisoners with regard to communicable diseases, abuse, and other health and safety related issues. It is published by the Southern Poverty Law Center, and distributed exclusively by Plaintiff.

30. On information and belief, each month the following number of individually addressed copies of *PYHS* were not delivered to intended recipients incarcerated at NRADC at the time it arrived in the mail:

| **Item Censored** | **Date Mailed** | **Number of Items Censored** |
| --- | --- | --- |

| PYHS | November 2014 | 8 |
| PYHS | December 2014 | 5 |
| PYHS | July 2015 | 12 |

31.     All of the above listed copies of PYHS, except for two (2) that were sent to prisoners at NRADC in July 2015, were sent back by return mail at PLN's expense indicating the following reason: "**REFUSED: Per Jail Policy.**"  The two (2) other copies that were returned in July 2015 provided no reason for the censorship.

### Failure to Provide Due Process

32.     Defendants did not provide PLN with constitutionally adequate due process notice or with an opportunity to appeal the aforementioned censorship decisions.

33.     Defendants failed to provide due process notice to PLN of the reason for rejecting PLN materials by, among other inadequacies, failing to explain the basis for their censorship decisions, failing to identify the specific mail policy they relied on, and otherwise failing to give meaningful notice of the censorship.  With all of the rejected items, Defendants did not provide any further information to PLN other than what is noted above.

34.     On information and belief, Defendants fail to provide due process notice and an opportunity to appeal to other senders of censored mail to prisoners at NRADC.

### Defendants Unconstitutional Mail Policy and Practice is Ongoing

35.     The accommodation of PLN's rights with respect to written speech protected by the Constitution, and the provision of due process of law, will not have any significant impact on the

prison, its staff or prisoners.

36. Due to Defendants' actions as described above, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: the violation of the Plaintiff's constitutional rights; the impediment of Plaintiff's ability to disseminate its political message; frustration of Plaintiff's non-profit organizational mission; diversion of resources; loss of potential subscribers and customers; and loss of the ability to recruit new subscribers and supporters.

37. Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with reckless indifference to PLN's rights.

38. Defendants, and other agents of NRADC, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure PLN.

39. Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate PLN's rights, and were and are the moving force behind the injuries Plaintiff suffered as a direct result of the constitutional violations. As such, PLN has no adequate remedy at law.

40. PLN is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications and correspondence from Plaintiff and other senders without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

## CAUSES OF ACTION

### Count I – 42 U.S.C. § 1983
*Violation of the First Amendment*

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. The acts described above constitute violations of Plaintiff's rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at NRADC, and the rights of prisoners confined at NRADC, under the First Amendment to the United States Constitution.

43. Plaintiff has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law.

44. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

45. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were the moving force of the violations.

46. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

47. Plaintiff seeks declaratory and injunctive relief, and nominal, compensatory and punitive damages against all Defendants.

## Count II – 42 U.S.C. § 1983
### *Violation of the Fourteenth Amendment*

48 Each paragraph of this Complaint is incorporated as if restated fully herein.

49. The acts described above constitute violations of Plaintiff's rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at NRADC, and the rights of prisoners confined at NRADC, under the Fourteenth Amendment to the United States Constitution.

50. Because Plaintiff has a liberty interest in communicating with prisoners, PLN has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor PLN's written speech.

51. Defendants' policy and practice fail to provide Plaintiff and other senders with notice and an opportunity to be heard.

52. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

53. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were the moving force of the violation.

54. The acts described above have caused damage to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

55. Plaintiff seeks declaratory and injunctive relief, and nominal, compensatory, and punitive damages against all Defendants.

### Count III - 42 U.S.C. § 1983
*Content based Discrimination - First Amendment Violation*

56. The prohibition of "secular" books while allowing "religious" books constitutes content discrimination in violation of the First Amendment to the United States Constitution.

57. Defendants lack a compelling state interest in discriminating between religious and secular speech and its prohibition on secular speech is not the least restrictive alternative to satisfy any claimed state interest.

58. As a direct and proximate result of the conduct of Defendants, Plaintiff has and will continue to suffer harm as described herein.

## Count IV - 42 U.S.C. § 1983
### *Denial of Fourteenth Amendment Equal Protection*

59. The prohibition of "secular" books while allowing "religious" books and violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

60. As a direct and proximate result of the conduct of Defendants, Plaintiff has and will continue to suffer harm as described herein.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

a. A declaration that Defendants' policies and practices violate the First and Fourteenth Amendments to the United States Constitution;

b. Nominal damages for each violation of Plaintiff's Constitutional rights by the Defendants;

c. An injunction preventing Defendants from continuing to violate the Constitutional rights of Plaintiff and other senders of publications, and providing other equitable relief;

d. Compensatory damages in an amount to be proved at trial;

e. Punitive damages against the Defendants in an amount to be proved at trial;

f. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law;

g. Any other such relief that this Court deems just and equitable.

/s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #76345
Steven D. Rosenfield, VSB #16539
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300 (Tel)
(434) 220-4852 (Fax)
Email: jeff.fogel@gmail.com
Email: attyrosen@aol.com

/s/Lance Weber
Lance Weber
*Motion for Admission Pro Hac Vice to Be Filed*
Sabarish Neelakanta
*Motion for Admission Pro Hac Vice to Be Filed*
Human Rights Defense Center
PO Box 1151
 Lake Worth, FL 33460
(561) 360-2523
lweber@humanrightsdefensecenter.org
sneelakanta@humanrightsdefensecenter.org

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, Prison Legal News, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

/s/Jeffrey E. Fogel