IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-cv-00061 |
| | ) | |
| NORTHWESTERN REGIONAL JAIL | ) | By: Elizabeth K. Dillon |
| AUTHORITY, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves constitutional challenges brought by publisher Prison Legal News (PLN) after materials it sent to prisoners at the Northwestern Regional Adult Detention Center (NRADC) were sent back to it with a notation that they had been refused, per jail policy. The remaining named defendants are the Northwestern Regional Jail Authority (NRJA), which operates NRADC, and jail superintendent James F. Whitley.[1] Whitley was in charge of all operations at the jail and was the individual who approved the policy that PLN challenges. After this suit was filed, the parties engaged in settlement discussions. They subsequently provided to the court two consent decrees, both of which were entered by the court. Those orders effectively granted the injunctive relief sought by PLN.

Both parties filed cross-motions for summary judgment, raising a host of issues. In ruling on those motions, the court found NRJA liable as a matter of law on PLN's due process claim, but found that disputes of fact precluded summary judgment on PLN's First Amendment claim. As the court explained, its ruling left only a few issues for trial: (1) whether PLN can prevail on

---

[1] The only other named defendant, Captain Clay Corbin, was previously dismissed by the court. (Dkt. No. 90.)

its First Amendment claim against NRJA; and (2) the compensatory damages, if any, that PLN is entitled to on its First Amendment claim in Count I and its due process claim in Count II.

The court's opinion also discussed PLN's Fourteenth Amendment equal protection claim and denied PLN's motion for summary judgment on this claim. However, because defendants' motion for summary judgment did not expressly ask for judgment in its favor on the equal protection claim, the court could not grant judgment in defendants' favor on that claim. (Mem. Op. 7 n.2, 26–Dkt. No. 89.) Rather, by separate order (Dkt. No 91), the court gave notice of its intent to grant summary judgment in defendants' favor as to the equal protection claim for the same reasons it denied PLN's motion (Mem. Op. 26–29) and gave PLN a reasonable opportunity to respond. *See* Fed. R. Civ. P. 56(f).

Both parties filed timely responses concerning PLN's equal protection claim. (Dkt. Nos. 92, 93.) For the reasons discussed below, the court concludes that summary judgment in defendants' favor as to PLN's equal protection claim is required.

I. DISCUSSION

In PLN's operative complaint, the second amended complaint, its equal protection claim is based only on the following allegations:

> 58. The prohibition of "secular" books while allowing "religious" books and [sic] violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.
>
> 59. As a direct and proximate result of the conduct of Defendants, Plaintiff has and will continue to suffer harm as described herein.

(Second Am. Compl. ¶¶ 58–59, Dkt. No. 25.)

Understandably in light of these allegations, the court's analysis in its prior opinion was based on a discussion of PLN's assertion that it was treated differently than religious publishers.

Moreover, that was the only issue briefed in the first round of summary judgment briefing. In its supplemental briefing, however, PLN argues for the first time that defendants violated its equal protection rights when they intentionally and purposefully discriminated against PLN's written speech by censoring its educational books and magazines, while allowing similarly situated senders of other educational material to communicate with prisoners at the jail. (Pl.'s Supp. Br. 2–3, Dkt. No. 92.) That is, PLN argues that defendants clearly intended to treat educational books differently from other written speech, and by excluding PLN's educational publications defendants intentionally and purposefully discriminated against PLN. (*Id*. at 3–4.)

PLN's supplemental briefing focuses entirely on a new theory and basis for its equal protection claim, one that was not pled in its complaint nor previously argued before the court.[2] Although defendants respond by addressing the merits of that new claim, the court concludes that the new claim is not before the court. Quite simply, PLN may not, through briefing or argument, amend its complaint to plead a new "theory" of equal protection violation. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.")

Accordingly, the court will grant summary judgment in defendants' favor as to PLN's equal protection claim for the reasons set forth in the court's prior opinion and for the reasons set forth herein.

---

[2] Consistent with the complaint, PLN's initial motion for summary judgment focused, for purposes of the equal protection claim, on PLN's assertion that defendants' policy treated it differently than *religious* publishers and thus "favor[ed] religion over non-religion." (Pl.'s Mem. Supp. Mot. Summ. J. 9, Dkt. No. 7.) In its supplemental brief, however, PLN grounds its equal protection claim on an assertion that defendants treated PLN differently than other *educational* publishers. (Pl.'s Supp. Br. 1 n.1.) Indeed, the only reference to differential treatment of PLN relative to religious publishers is in a single footnote in which PLN criticizes the court's prior analysis of its equal protection claim. (*Id.*) To the extent that the brief argument in that footnote is intended to be its opposition to summary judgment as to the different treatment of its texts on the grounds of religion or non-religion, the court rejects PLN's contentions for the reasons set forth in the court's prior opinion. (Mem. Op. 26–29.)

## II. CONCLUSION

It is hereby ORDERED that summary judgment is GRANTED in defendants' favor on PLN's equal protection claim.

Entered: November 20, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge