**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

PRISON LEGAL NEWS, a project of
HUMAN RIGHTS DEFENSE CENTER, a
Washington not-for-profit organization     Case No. 5:15-cv-00061-EKD-JCH
         Plaintiff,
   vs.
NORTHWESTERN REGIONAL JAIL
AUTHORITY *et al*.,
         Defendants.                   /

## DECLARATION OF JEFFREY E. FOGEL

I, Jeffrey E. Fogel, pursuant to 28 U.S.C. § 1746, make this Unsworn Declaration Under Penalty of Perjury, and declare as follows:

1. I am one of Plaintiff's counsel in the above styled case and I make this declaration in support of a petition for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, covering the hours I have thus far expended in this matter, beginning in April, 2015 through my work on December 10, 2019. There may be additional time needed to respond to Defendants' opposition to the petition.

2. I have been licensed in Virginia since 2008, but I have been licensed to practice law in New Jersey since 1969 and New York since 1982. I am admitted to practice in the District of New Jersey, Southern and Eastern Districts of New York, the Western and Eastern Districts of Virginia and the First, Second, Third and Fourth Circuit Courts of Appeal as well as the Supreme Court of the United States. My legal education and prior employment are as follows:

Education
I graduated from Rutgers University School of Law, Newark, NJ with a J.D. degree in May, 1969.

Employment Experience

- I began my practice as Reginald Heber Fellow with the U.S. Office of Economic Opportunity assigned to the Newark Legal Services Project from 1969-71. I did special projects and impact cases involving issues of the urban poor.

- I started a law firm and was a partner from 1971-74 specializing in criminal defense and civil rights cases. From 1972-74 I was also legal director with the Prisoners' Rights Project of the American Civil Liberties Union of New Jersey in Newark, NJ.

- From 1974-1977 I was engaged in general practice with an emphasis in criminal and civil rights cases.

- I was a full-time staff attorney/instructor at the Urban Legal Clinic, Rutgers University School of Law from 1977-1980.

- I worked as staff counsel with the Puerto Rico Legal Project (now Puerto Rican Institute for Civil Rights), in San Juan, Puerto Rico from 1980-82.

- From 1982-1987, I was the Legal Director of the American Civil Liberties Union of New Jersey where, among other responsibilities, I was counsel on many civil rights cases brought by the organization including many First Amendment cases.

- Thereafter, from 1989-1991 I worked as the litigation director for a health and hospital workers union in New York City, litigating and supervising 25 lawyers.

- I returned to private practice as a solo practitioner from 1992-2003 concentrating my work in civil liberties litigation.

- From 2003-2005 I was the legal director of the Center for Constitutional Rights headquartered in New York City where I supervised and provided leadership and training for numerous attorneys, both staff and cooperating counsel.

- I then joined the New York Civil Liberties Union in New York and worked as the Senior Staff Attorney concentrating all of my work in the field of civil rights.

- I moved to Charlottesville in 2008 where I have been engaged almost exclusively in the practice of civil rights litigation in federal court.

- I have extensive experience litigating prison cases. I taught a seminar in the subject at Rutgers School of Law while I was the litigation director of the ACLU's prisoner rights project. I have consistently had several cases on my docket that involve prisons or jails.

Teaching Experience
- New York University School of Law, New York, NY
  Adjunct Professor, 2006-2007; Teaching a civil rights clinic.

- Rutgers University School of Law, Newark, NJ, Adjunct Professor, 1984-1986
  Teaching civil liberties, civil rights.

- University College, Rutgers University, Adjunct Professor, 1983-1984
  Teaching civil liberties.

- Rutgers University School of Law, Newark, NJ, Urban Legal Clinic, 1977-1980,
  Training students in litigation process and trial practice and litigated cases involving the urban poor.

- Rutgers University School of Law, Newark, NJ, Adjunct Professor, 1972-1974
  Teaching a clinic in prisoner's rights litigation.

- Since moving to Virginia, I have taught two CLEs on § 1983 litigation, one to the Charlottesville-Albemarle Bar Association and one to the Disability Law Center of Virginia.

3. I have been counsel in an estimated couple of hundred litigated civil rights cases. I have argued numerous cases in the First, Second, Third and Fourth Circuit Courts of Appeal.

4. Some recent cases in which I have been lead (or solo) counsel are *Johnson v. Holmes, No. 18-1454* (4th Cir. Aug. 26, 2019) (reversing district court and setting standards for proving bias in racial profiling of drivers)*: Clatterbuck v. City of Charlottesville*, 708 F.3d 1549 (4th Cir. 2013) *on remand,* 2015 WL 727944 (W.D. Va. 2015) (ordinance restricting the rights of panhandlers to beg for money unconstitutional infringement on First Amendment); *Couch v. Jabe*, 679 F.3d 197 (4th Cir. 2012*)* (right of Muslim prisoner to wear 1/8" beard)*; Wernert v. Green*, 419 Fed.Appx. 337 (4th Cir 2011) (upholding denial of qualified immunity in police misconduct case); *North v. Clarke*, 2012 WL 405162 (E.D. Va. 2012)(holding unconstitutional VDOC rule prohibiting

possession of secular CDs); *Rothamel v. Fluvanna County*, 810 F.Supp. 2d 771 (W.D.Va. 2011)(ordinance requiring approval of Board of Supervisors to publish the county seal unconstitutional).

5. My usual hourly rate is $450 in all of my cases for which I charge a fee and has been at that rate since October 2017. Based on my discussions with other counsel and the declarations submitted herein, I believe that the customary market rate for lawyers with my fifty years' experience and expertise in the field would be $450 an hour for the work I performed.

6. I previously represented Prison Legal News, along with Steven Rosenfield, in a suit against the Virginia Department of Corrections for censorship of its publications, as here. That litigation resulted in a 2010 settlement and since that time, no issue of PLN or other correspondence from PLN has been rejected by VDOC. We have also successfully sued VDOC for the censorship of several other publications and correspondence.

7. In light of the above, and the fact that there are few lawyers in the entire state who handle First Amendment cases and even fewer who do so for prisoners, it was natural that PLN would seek my assistance and that of Mr. Rosenfield to prosecute this action.

8. When I took this case, I knew that there was little expectation of an award of significant damages. Other than the due process claim, there was a good chance that the defendants would be granted qualified immunity and, as to the due process claim, it was clear that we would likely receive nominal damages of several hundred dollars. PLN's principal concern was its ability to communicate with detainees and prisoners

at the Northwest Regional Adult Detention Center and secondarily to increase its subscriber base.

9. I agreed to take this case on a fully contingent basis, knowing that my client, a non-profit organization principally involved in educational efforts and issue advocacy, would be hard pressed to pay. I also had to reject certain other cases because of the time I was spending litigating this case.

10. Attached to Plaintiff's motion for fees and costs are my time records for this case. I enter time on a contemporaneous basis as I perform work. When I am not at my computer I make a handwritten note and then transcribe the time to my time sheets, I exercise billing judgment when I believe that I have exceeded the reasonable time to perform a particular task or where the time would be duplicative of the work of co-counsel and often when I confer with other counsel. I estimate that I have reduced my time records by approximately 10% as a result. I spent a total of 119.3 hours in this case, for which the Plaintiff is seeking compensation. The time reflected on my time records were necessary for the proper litigation of this case.

11. My time spent in this case was also reduced because of the work of my co-counsel and that of paralegals. We endeavored, whenever possible, to divide the work in order to be more efficient. For example, I relied on counsel and paralegals on staff at PLN to manage the facts and exhibits and to respond to discovery requests. Most of the briefs were drafted by attorneys at PLN requiring only review and editing by me.

12. I advanced expenses related to this case for the filing fee ($400), service ($48), motions for *pro hac vice* application for co-counsel ($100) and depositions ($513) I have also incurred travel expenses, using the I.R.S. rate of $.58 per mile, in the amount of $522

for travel to the jail, for depositions and for postage. The total out of pocket expenses I incurred was $1,720.42.

I declare this statement to be true under the pain and penalty of perjury.

Executed on December 16, 2019

/s/ Jeffrey E. Fogel
Jeffrey E. Fogel