**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

PRISON LEGAL NEWS, a project of
HUMAN RIGHTS DEFENSE CENTER, a
Washington not-for-profit organization

        Plaintiff,

vs.

NORTHWESTERN REGIONAL JAIL
AUTHORITY *et al.*,

        Defendants.

Case No. 5:15-cv-00061-EKD-JCH

## **DECLARATION OF BRENDA E. CASTAÑEDA**

I, Brenda E. Castañeda, declare as follows:

1. I earned my B.A. at Yale University in 2001 and my J.D. from University of Virginia School of Law in 2006. I have been a member of the Virginia state bar since 2006. I have been practicing law in federal court since 2007 and have practiced in both the Eastern and Western Districts of Virginia, as well as filing briefs for amicus curiae in the United States Court of Appeals for the Fourth Circuit. I am also admitted to the bar of the United States Supreme Court. In 2017, I was named a "Leader in the Law" by *Virginia Lawyers Weekly*.

2. I have been employed as an attorney at Legal Aid Justice Center (LAJC), specializing in litigation on behalf of low-income clients in the arenas of housing, consumer protection, and civil rights, since 2007. I have been the Legal Director of Economic Justice (formerly Civil Advocacy) at LAJC since February of 2015. In that role, I currently supervise a team of approximately 17 advocates pursuing litigation and policy change on behalf of low-income Virginians. Prior to my

employment at LAJC I worked as an attorney at Blue Ridge Legal Services in Harrisonburg, Virginia in 2007.

3. I was one of the lead counsel in the class action prisoner case *Scott, et al. v. Clarke, et al.*, 3:12-cv-00036 (W.D. Va) (J. Moon) and am counsel on the appeal taken in this case by the defendants on a contempt finding for violation of the district court's order; the underlying final decision was an injunction entered upon the finding of inadequate medical care under the Eighth Amendment to women prisoners at the Fluvanna Correctional Center for Women. Due to my role in this case, I have spent ten years meeting with clients at the prison, working with a team of attorneys from various firms and organizations, and litigating for prisoner civil rights. I am thus highly familiar with the great commitment of time and expense it takes to litigate a large-scale prisoner rights case.

4. In addition to extensive experience litigating in Virginia state trial courts, I have filed and pursued numerous federal lawsuits, including actions under federal consumer statutes, 42 U.S.C. § 1983, actions involving multiple parties, and have been certified as class counsel in the above-referenced class action (ECF Dkt. Nos. 188 and 189) as well as in several other class actions (*Lewis et al. v. CRHA*, 3:12-cv-00026 Dkt. No. 94 (W.D. Va.); *Garcia Galdamez, et al., v. IQ Data International Inc.*, 1:15-cv-01605 (E.D. Va.); and *Miles, et al. v. Richmond Redevelopment and Housing Authority*, 3:17-cv-00160 (E.D. Va.).

5. I have also taught numerous CLE classes approved for credit by the Virginia State Bar since 2010, on the topics of housing rights, consumer protection, litigation, and ethics. From 2007-2018, I have been a lecturer at the University of Virginia

Law School, teaching the Litigation and Housing Law Clinic until 2018, and the Consumer Law Clinic from 2015-2017.

6. I am familiar with the above-styled case from talking with Steven Rosenfield. I understand the nature of the case is a First Amendment claim by a publisher against a jail who refused to allow their publication to be accessed by prisoners at the jail; failed to inform plaintiff of the censorship of their publication; and failed to provide appeal rights to the plaintiff regarding the censorship decision.

7. I have also reviewed the docket sheet in this case to gain a full understanding of the scope of this case.

8. I am familiar with the work and reputation of Steven Rosenfield. He is a fixture in the area of civil rights and his reputation for bringing civil rights effecting prisoners is excellent. Jeffrey Fogel and Steven Rosenfield are two of the few lawyers to whom civil rights cases are referred by our offices from around the state, because so few lawyers do this area of work with any regularity and with high quality representation. It is very difficult to find any attorneys anywhere in the state willing to take prisoner rights cases for representation, and especially so in the less urban areas of the state. Lawyers from our offices consult with Mr. Fogel and Mr. Rosenfeld frequently on issues surrounding civil rights litigation. Each of these attorneys has been practicing for over 40 years. Their rates of $450 an hour for each are reasonable and in line with rates our lawyers or co-counsel receive when permitted to charge a fee in fee-shifting cases.

9. Although I have not worked with lawyers from the Human Rights Defense Center, I understand they are an organization that is committed to bringing this

sort of complex federal court civil rights litigation affecting prisoners' access to their publications. Additionally, I am personally familiar with the high-quality legal work, broad knowledge of prisoner rights, and depth of federal litigation experience on behalf of prisoners of Deborah Golden, an HRDC staff member, having co-counseled the *Scott v. Clarke* case with her for many years during her prior employment with a different organization.

10. The following chart was provided to me summarizing the years of experience and hourly rates sought by HRDC's counsel and legal staff:

| HRDC Attorney | Law School Graduation Year | Hourly Rate |
|---|---|---|
| Lance Weber | 1997 | $390 |
| Dan Marshall | 2002 | $380 |
| Sabarish Neelakanta | 2006 | $350 |
| Robert Jack | 2010 | $300 |
| Masimba Mutamba | 2012 | $250 |
| Paralegal Rate | -- | $125 |

11. I have reviewed the rates being charged by the plaintiff's lawyers in this case and their respective years of experience. The rates charged by the HRDC are in line with the rates established for our lawyers when we are permitted to charge a fee in fee-shifting cases.

I declare this statement to be true under the pain and penalty of perjury.

Dec. 10, 2019
DATE

Brenda E. Castañeda, VSB#72809