IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

PRISON LEGAL NEWS, a project of
HUMAN RIGHTS DEFENSE CENTER,
a Washington not-for-profit organization
Plaintiff,

vs.  CASE NO. 5:15-cv-00061- EKD-JCH

NORTHWESTERN REGIONAL
JAIL AUTHORITY et al.,
Defendants.

## DECLARATION OF THOMAS D. DOMONOSKE

I, Thomas D. Domonoske, swear that the information below is true and correct under penalty of perjury.

1. I graduated from Hastings School of The Law in 1989. I have been practicing law in Virginia since 1993. For the past 23 years I have concentrated my practice in the area of consumer law, both state and federal substantive protections and in state and federal courts. Although I have an office in Harrisonburg and reside there, a large portion of my practice occurs in Richmond.

2. I am familiar with fee shifting attorney awards because the bulk of my fee structure is to depend on payment of my earned fees from the defendants. Only on occasion am I able to receive an upfront retainer because most of my clients who face consumer law violations are unable to afford one. I also ensure that when I engage a new client that they understand I have a right to demand a fee based on the work performed and the benefits I provided if for some reason we later disagree on the course of the case.

3. Very few lawyers in the Western District of Virginia represent plaintiffs in

consumer cases under fee-shifting statutes. I am a member of National Association of Consumer Advocates and we have very few lawyers who are members from the geographic area covering the Western District. Because of the nature of my work, also do a lot of work in Richmond and elsewhere in the Commonwealth. For my work in the Richmond area, I charge and receive $550.00 an hour. This has been my rate since November 1, 2016, and it has been repeatedly accepted as appropriate by judges in the greater Richmond area, including federal judges in the Eastern District of Virginia, state court judges, and arbitrators. Recent cases where my rate of $550.00 an hour was determined appropriate are *Harris v. RedNeck Towing*, Case 3:17-cv-00741-REP, United States District Court, Eastern District of Virginia (Judge Payne, Order entered May 19, 2018), *Jones v. CNU of Kansas,* McCammon Group Arbitration (Retired Judge Stillman, Order entered May 7, 2018), *O'Neal v. USVA, Inc.*, Case No. GV18000167-00, General District Court for the City of Hopewell, Order, (Judge Townsend, Order entered June 20, 2018), and *Robinson v. Jonathan Koop and Capital Enterprise Services, LLC*, Adv. Pro. No. 19-03014, (Judge Phillips, Order entered June 12, 2019). I have not had a Court in the Western District of Virginia approve this rate, but I have also not recently had my hourly rate reviewed by a court in the Western District of Virginia.

4. I follow the case law on fee awards and I am familiar with the recent case in this Court styled *Doe v. Alger*. I am also familiar with the above styled case from my discussion with Steven Rosenfield, and know that it is First Amendment case by a publisher against a jail who refused to allow in their publication to prisoners at the jail, failed to inform plaintiff of the denial and failed to provide appeal rights to the plaintiff. I am aware that plaintiff won the claims and received an award of damages by this Court. I make this Declaration to support the hourly requested by plaintiff's counsel.

5. I know of Mr. Rosenfield by reputation because there are not any attorneys known as civil rights attorneys, especially in the area of First Amendment law, in this District. I know of Mr. Fogel by recognizing his long career in plaintiffs' litigation of civil rights law and especially First Amendment law as described more fully in his Declaration.

6. The legal market has become highly specialized in certain areas. For instance, the fee filing from *In re Alpha Natural Resources* on September 26, 2106, Doc. 3440, Case 15-33896-KRH, Richmond Division of the Bankruptcy Court for Eastern District of Virginia, shows that the hourly rates regularly charged in 2016 by counsel for lawyers with more than twenty-five years experience range from $930.00 to $775.00, and that lawyers with less than ten years experience then regularly charged more than $500.00 an hour. The billing from the same law firms in 2019 shows similar rates, although in that case a slight reduction in some of the higher rates was used. See *In re Think Finance, LLC*, Case No. 17-33964-HDH, Doc. 1396 at 25 and 32 (N.D, Tx. Bankr., May 31, 2019). The rates by Virginia counsel shown in those cases are actually on the low end of requested rates for some other law firms doing similar work in federal court. For instance, in the Toys "R" Us bankruptcy, the firm of Kirkland Ellis requested hourly rates that went from a low of $565.00 an hour to a high of $1,795.00 an hour. *See* Doc. 6729, Case 17-34665-KLP, pg 67. For such specialized areas as bankruptcy, the relevant legal market is not bounded by geography and clients retain lawyers based on the lawyer's experience in that narrow area rather than just geography. First Amendment work is no less specialized and I would not bring a First Amendment case without retaining a lawyer with First Amendment experience.

7. There is no known market rate about which I am aware in this District to account for so much civil rights experience between these two lawyers. Their years of practice and

experience is in a league of its own. That they are only seeking rates of $450 an hour is, in my opinion, below whatever market value could be discerned.

Date: _____          _____
                                Thomas D. Domonoske